IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2011 SEP -9 P 9: 04

KRISTEN SPRAGGINS, an individual

DEBRA P. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT A...

    Plaintiff,

v.

THE CITY OF MILLBROOK, AL, a
Municipal Corporation; CHIEF PATRICK
JOHNSON, an individual, in his official and
individual capacities, MAYOR AL KELLY
an individual, in his official and
individual capacities, MIKE SPEIGNER,
an individual, in his official and individual
capacities, RON FIELDS,
an individual, in his official and individual
capacities, JOE CAPPS,
an individual, in his official and individual
capacities, JOHNNY MONTGOMERY
an individual, in his official and individual
capacities, DAVID TILL,
an individual, in his official and individual
capacities, MARK RITTER,
an individual, in his official and individual
capacities, JOHN ECKERT,
an individual, in his official and individual
capacities; SHAUNTREL JACKSON,
an individual, in her official and individual
capacities,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

2:11 CV 745- MEF

JURY TRIAL DEMAND

## COMPLAINT

**COMES NOW** the Plaintiff, Kristen Spraggins, and through her attorneys of record, and

for her Complaint against the Defendants, states as follows:

1.    This is a lawsuit brought by Plaintiff Kristen Spraggins, who has been affected by

the discrimination and retaliation alleged in the claims set forth below, seeking permanent relief

from unlawful discriminatory and retaliatory practices regarding termination, discipline, and

other terms and conditions of employment in failing to remedy systemic employment discrimination and harassment on the basis of gender. The practices committed by the Defendants violate 42 U.S.C. § 1981, *via* 42 U.S.C. § 1983, on the basis of gender discrimination and retaliation.[1]

## JURISDICTION

2.     The Court has jurisdiction pursuant 28 U.S.C. §1331 because Plaintiff has alleged claims for violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

## PARTIES

3.     Plaintiff, Kristen Spraggins, ("Spraggins") is a female resident of the State of Alabama and this jurisdictional district. She resides in Elmore County, Alabama, and at all times relevant to the filing of this Complaint, Spraggins was employed with the City of Millbrook in the Millbrook Police Department in Elmore County, Alabama.

4.     Defendant, City of Millbrook (the "City"), is a municipality in Millbrook, Elmore County, Alabama.

5.     Defendant Al Kelly ("Kelly") is the Mayor of the City of Millbrook, Alabama, and held that position at all times material herein. Mr. Kelly is sued in both his official and individual capacities.

6.     Defendant Patrick K. Johnson ("Johnson") is the Chief of Police of the Millbrook Police Department, and held that position at all times material herein. Mr. Johnson is sued in both his official and individual capacities.

---

[1] Plaintiff has received a cause finding from the EEOC regarding her claims of gender discrimination and retaliation and upon receiving her Right to Sue Letter will amend this lawsuit to include a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., on the basis of gender discrimination and retaliation.

7.     Defendant Mike Speigner is a police officer employed by the City of Millbrook Police Department, and held that position at all times material herein.  Mr. Speigner is sued in both his official and individual capacities.

8.     Defendant Ron Fields is a police officer employed by the City of Millbrook Police Department, and held that position at all times material herein.  Mr. Fields is sued in both his official and individual capacities.

9.     Defendant Joe Capps was a police officer employed by the City of Millbrook Police Department, and held that position at all times material herein.  Mr. Capps is sued in both his official and individual capacities.

10.    Defendant Johnny Montgomery is a police officer employed by the City of Millbrook Police Department, and held that position at all times material herein.  Mr. Montgomery is sued in both his official and individual capacities.

11.    Defendant David Till is a police officer employed by the City of Millbrook Police Department, and held that position at all times material herein.  Mr. Till is sued in both his official and individual capacities.

12.    Defendant Mark Ritter is a police officer employed by the City of Millbrook Police Department, and held that position at all times material herein.  Mr. Ritter is sued in both his official and individual capacities.

13.    Defendant John Eckert is a police officer employed by the City of Millbrook Police Department, and held that position at all times material herein.  Mr. Eckert is sued in both his official and individual capacities.

14.     Defendant Shauntrel Jackson is an Animal Control Office employed by the City of Millbrook, Alabama, and held that position at all times material herein. Ms. Jackson is sued in both her official and individual capacities.

## STATEMENT OF FACTS

15.     Spraggins realleges and incorporates by reference paragraphs 1 through 14 with the same force and effect as if fully set out in specific detail herein below.

16.     Plaintiff Spraggins began working as a police officer for the City of Millbrook Police Department ("MPD") on or about January 1, 2008. Her first year of employment with MPD was successful and rewarding. In addition to her routine police duties, Spraggins was assigned to participate in undercover operations for the State of Alabama, assist the U.S. Secret Service in an investigation, and successfully helped capture a fugitive in cooperation with the U.S. Marshall Service. Spraggins's working conditions took a dramatic turn for the worse in January 2009 after she was sexually harassed by a male MPD police officer.

17.     On or about the end of January 2009, Spraggins's former supervisor, Defendant Sgt. Mike Speigner, was driving by Spraggins's Millbrook, Alabama residence to check on her. At that time, Spraggins was in the process of trying to determine how and where a cup holder could be installed in her newly-issued police vehicle. At that time, Sgt. Speigner attempted to show Spraggins how she could rearrange the console to install a cup holder. After demonstrating where the cup holder could be installed, he stood up from the vehicle, embraced Spraggins and attempted to kiss her on the lips. At that time, Spraggins quickly turned her head to avoid the kiss.

Spraggins further rebuffed Speigner's romantic advance, telling him that was not the type of person she was; that she loved her job; and that Speigner was a married man. Speigner laughed it off and left shortly thereafter.

18.     Shortly after this first incident, Spraggins complained to her supervisor, Sgt. Jason Gray, about the unwanted advance. As the only female MDP police officer, Spraggins feared retaliation and was concerned about the potential impact on her career that could result from a sexual harassment complaint. Consequently, she advised Gray to keep her complaint confidential, but she wanted him to be aware of the incident should the situation deteriorate.

19.     The harassment continued. On repeated occasions in early February 2009, while Spraggins was engaged in her routine workout at a "females only" gym -- N Shape Ladies Fitness -- Sgt. Speigner while on duty walked into the gym and attempted to embrace Spraggins and kiss her. Spraggins again rejected Speigner's romantic advances and made it very clear that she was not interested in a relationship with him or any married man. Spraggins previously had asked Officer Ken Gray (the brother of Sgt. Gray) to please stop at the gym if he saw Speigner's patrol car there because Speigner had been harassing her at the gym. And, in fact, Officer Ken Gray stopped at the gym on several occasions and saw that Sgt. Speigner was there. Spraggins again complained to her supervisor, Sgt. Jason Gray, about Speigner's unwanted advances. Gray was sympathetic. Again, fearing potential retaliation, Spraggins asked Gray to keep her complaint confidential.

20.   Following the gym incidents, in early February, Spraggins was asked by Chief Johnson to represent MPD at a funeral of a City of Montgomery police officer. Chief Johnson also instructed Speigner to rider with Spraggins in the new patrol car. During the ride to the funeral, Sgt. Speigner reached across the patrol car console and attempted to hold Spraggins hand. Spraggins pulled away, and once again repeated her earlier statement to Speigner that she was not interested; that she loved her job too much; and that Speigner was a married man. Speigner responded that because Spraggins kept rejecting him, he would have to figure out something else.

21.   During this same time period, Lt. Ron Fields attempted to set up a sexual liaison between Spraggins and Stanhope Elmore High School Football Coach Jeff Foshee. Fields and Foshee coached the team together. Spraggins often provided security services for the high school during her off duty times. Fields contacted Spraggins on Foshee's telephone and told her that Foshee wanted to talk to her. Foshee essentially asked Spraggins for a hook-up (sexual encounter), which shocked Spraggins. She declined and wrote it off as a juvenile prank. Several days later, while performing security services at the high school, Spraggins ran into Foshee at the athletic field house. At that time, Foshee asked Spraggins if she would give him a "blow job." Again, Spraggins was shocked. She complained to the high school principal, and thereafter declined to perform any more security services for the high school.

22.   Following the funeral incident with Speigner, the acts of retaliation began. In early April, 2009, Spraggins patrol vehicle was taken away after Sgt. Speigner had complained that Spraggins had been late for work because she was not in uniform when

she clocked in; that the undercarriage of her patrol car was dirty; that there was dirt in the floorboard of her car; and that the light bar was loose. She was required to remove all items from her patrol car within nine (9) minutes and hand over the vehicle keys to Sgt. Speigner in front of the entire SWAT team. Several days later, on April 14, 2009, Spraggins was verbally reprimanded by Lt. Pugh for being late. Although Pugh told Spraggins that he was instructed to issue her a written reprimand, he refused because he did not have a complaint regarding Spraggins's actions.

23. On April 23, 2009, Spraggins received a report to investigate an assault at Stanhope Elmore High School. She performed the preliminary investigation with Sgt. Capps that afternoon. Later that evening, Officer Ron Davis was asked over the police radio to come to MPD Headquarters to complete the incident/offense report. At that time, Spraggins volunteered to take the call so that Officer Davis could complete his dinner. Sgt. Speigner overheard Spraggins's offer to take the call and immediately told the dispatcher, Randi Biggs, "any officer but Spraggins." When Spraggins discovered this, she asked for a meeting with her immediate supervisor, Sgt. Joe Capps. Spraggins told Capps that she was tired of the retaliation by Speigner; that she was an excellent officer fully capable of performing her job and that Speigner was retaliating against her because she had repeatedly rebuffed his romantic advances.

24. Capps then held a meeting. During the meeting, Speigner stated that he wanted an officer who was involved in the initial call to write the report. Spraggins, however, was one of the officers who investigated the initial call. Furthermore, during

that meeting, Capps made no reference whatsoever to Spraggins's complaint about Speigner's prior incidents of sexual harassment and his ensuing acts of retaliation.

25.   That same night, Defendant Chief P.K. Johnson called Spraggins and asked to meet with her at her house. He arrived at approximately 10:30 p.m. and appeared to be in an intoxicated state as he exited his truck with a beer in his hand. There was a small cooler of beer on the passenger side of the vehicle. Johnson told Spraggins that he was worried about her. He stayed at the house for several hours. During that time, Spraggins gave a detailed complaint regarding the acts of sexual harassment and subsequent retaliation by Sgt. Speigner. Johnson responded that he intended to promote Spraggins to Corporal in the near future; that he would assign to her the next new Dodge Charger vehicle; and that he would protect her from anything that would harm her job. Spraggins told Johnson that she wanted the harassment and retaliation to stop. Johnson responded that Spraggins had nothing to worry about; that he would make sure that nothing happened to her.

26.   On the next day, April 24, 2009, in retaliation against Spraggins, Sgt. Speigner filed a complaint against Spraggins for insubordination, claiming that she had been disrespectful to the dispatcher. Thereafter MPD (Lt. Ron Fields) conducted a full-blown investigation, including an interview of Spraggins. During the investigation, Spraggins informed Fields of Speigner's acts of sexual harassment and continuing retaliation. Fields told Spraggins that it all was making sense and explained why Speigner had been making daily complaints about Spraggins, her patrol car, etc., during and following the acts of harassment. Spraggins was encouraged by Fields's response,

and believed that the matter would now finally be resolved. Fields and other members of the MPD administration specifically told Spraggins that they would put a stop to Speigner's conduct and the ongoing retaliation. Speigner's complaint was dismissed; she was not found to be in violation of any MPD policies or procedures. The retaliation, however, continued.

27.    In early June 2010, Spraggins forgot to turn in a piece of equipment (Autonet -- a mobile internet device). MPD sent Sgt. Speigner to her residence to retrieve the equipment from her patrol car while she was absent from the residence. However, in addition to retrieving the equipment, Speigner began searching the vehicle and taking photographs of the vehicle interior. Speigner also confiscated Spraggins's Department-issued computer for no reason. These events were witnessed by Officer Brett Wadsworth, and he called Spraggins and told her what had happened.

28.    On her next day of duty, Chief Johnson and Lt. Fields confronted Spraggins outside MPD headquarters. Johnson and Fields merely advised Spraggins to avoid leaving the computer in a hot police car. They were pleasant to Spraggins, told her she was a valuable asset to the police department, and they again reassured her that they would handle the harassment and retaliation by Speigner and would not allow anything to happen to her.

29.    On July 8, 2009, Spraggins was called into the office of Lt. Fields (Spraggins's immediate supervisor) and Sgt. Capps and was given a written warning for mistakes made on an arrest report. Other male offices made similar mistakes on their arrest reports, but were not similarly disciplined, *e.g.*, Corporal Eckert. During that same

meeting, Lt. Fields advised Spraggins that certain officers wanted her to fail and that they were jealous of her accomplishments. At that point, despite the prior assurances from Chief Johnson, Spraggins began to fear for her career.

30. That same evening, Spraggins's supervisor, Sgt. Capps, saw Spraggins and asked to have an "off the record" discussion with her because he saw that she was upset. She told Capps that she was tired of the retaliation and being picked on. He repeated Lt. Field's earlier comment that there were people who wanted her to fail who were not her friends. She asked who these officers were, and he refused to tell her. Spraggins then told Capps that there were bigger problems at the police department that needed to be handled like sexual harassment. He made no response, other than to reassure Spraggins that their conversation was off the record.

31. The next day, on July 9, 2011, Spraggins was asked to come in the office with Chief Johnson, Ass't Chief Montgomery, Lt. Fields and Sgt. Capps. At that time, she was advised that there were three arrest packets with minor errors where boxes had not been checked. Spraggins asked to see the mistakes. They refused, responding that the errors had already been corrected. Spraggins was then asked what her problems were; why she was not her optimistic self. Spraggins advised them of multiple issues regarding working condition, *e.g.*, lack of back up, dispatcher issues. When Chief Johnson raised the issue about removal of her new patrol car, Spraggins responded that it was not the fact that the car was taken away, but that the car was given to Sgt. Speigner, who had harassed her and was continuing to retaliate against her for rebuffing his earlier romantic advances. Sgt. Capps then made the comment that in his meeting with

Spraggins the day before, she had insinuated that she had a sexual harassment claim against Sgt. Speigner. Spraggins responded that she told Capps that she wanted the retaliation to stop. Chief Johnson then advised Spraggins that she had until the following Wednesday to submit a formal request for investigation of her allegations of sexual harassment by Sgt. Speigner, and that he wanted the request in writing. At this point, Johnson pulled out an anonymous letter that had been written to Millbrook Mayor Al Kelly regarding allegations of corruption in the Millbrook Police Department. Spraggins read the letter. The letter included allegations regarding alleged corruption as well as the harassment and retaliation of Spraggins. Spraggins did not write the letter and had no knowledge of its author. Johnson then told Spraggins that if she did not request an investigation, that she was to drop the issue of sexual harassment and never bring it up again. Johnson, suspecting that the letter had been written by former MPD officer Jason Gray (who was now employed with the Montgomery County Sheriff's Department), told Spraggins that if she did want an investigation to be conducted that he would "have Jason Gray's job with the Montgomery County Sheriff Department"; that he would pick up the phone and call Sheriff D.T. Marshall and "have Jason's ass." Spraggins clearly interpreted Johnson's statement as a blatant threat to retaliate against her and former officer Sgt. Gray if she persisted in pursuing her complaint.

32. On July 15, 2009, the deadline set by Chief Johnson, Spraggins notified him by letter that she wanted a formal investigation of her sexual harassment and retaliation claims. Johnson commented that he knew nothing of the sexual harassment and would deny knowledge in his statement. Spraggins reminded Johnson of her

11

multiple meetings with him wherein he promised that he would stop the harassment and the retaliation. Johnson was angry and began yelling in front of other officers, humiliating Spraggins, stating, "This shit is all over the place. This is stupid." Spraggins became upset and asked to be excused for the day because she could not safely perform her duties.

33. On July 18, 2009, Spraggins filed a formal Complaint of Discrimination with the U.S. Equal Employment Opportunity Commission (later amended) accusing the City of Millbrook and the Millbrook Police Department of gender-based discrimination and retaliation.

34. On July 21, 2009, Spraggins's counsel submitted a formal complaint to the City of Millbrook regarding her claims of sexual harassment and retaliation. On information and belief, the City of Millbrook received a copy of Spraggins's EEOC Charge of Discrimination that same day. The Elmore County District Attorney's office ultimately was assigned the task of investigating Spraggins's complaint.

35. On July 28, 2009, Spraggins was contacted by an MPD officer and was given a "heads up" that the Department was going to reprimand her for patting down a male subject during a routine traffic stop.

36. On July 29, 2009, Spraggins was called into a meeting with Lt. Fields and Sgt. Capps (her immediate supervisor). Notably, Lt. Fields and Sgt. Capps were included in Spraggins's complaint submitted to the City of Millbrook – Fields for the incident involving Coach Foshee, and Capps for displaying a pornographic image to Spraggins. At that time, she was given a counseling form for multiple violations of MPD regulations.

In particular, Spraggins was accused of performing a search of a male suspect during a routine traffic stop in violation of MPD policy. Although the regulations did not prohibit a female officer from conducting a *Terry* frisk (pat down) of a male suspect, she was suspended without pay for three (3) days effective immediately. Spraggins completed the counseling form and submitted her objections, which were immediately referred to Chief Johnson, Ass't Chief Montgomery and Lt. Fields. Immediately thereafter, Spraggins met with Johnson, Montgomery and Fields to plead her case. The Chief accused Spraggins of splitting hairs because the policy did not prohibit female officers from conducting a pat down of male employees, but rather prohibited male employees from searching a prisoner of the opposite sex. Additionally, multiple male officers routinely performed pat down searches of female suspects without facing disciplinary action. Furthermore, Spraggins previously had conducted numerous pat down searches of male suspects with the full knowledge of the Department, as evidenced by numerous prior arrest reports reviewed by the Department. In fact she was congratulated for a job well-done when one of her pat down searches resulted in drug bust. In addition, prior to her suspension, Spraggins had never been told of, or provided with, any policy prohibiting female officers from conducting pat down searches of male suspects. After hearing Spraggins's response, Chief Johnson added another charge of neglect and inattention to duty, stating that it would cover any potential offences since Spraggins insisted on splitting hairs.

37.     During the same June/July 2009 time period, despite his repeated promises to promote Spraggins to the rank of Corporal at the next promotion opportunity, Chief Johnson passed over Spraggins for several promotion opportunities for Corporal,

promoting male officers Matt Sekinger and Keith Plaissance to the position. Johnson denied Spraggins's promotion opportunities based on her gender and in retaliation for her complaints about sexual harassment, the hostile environment and ongoing retaliatory acts.

38.   On August 26, 2009, the Elmore County District Attorney's Office completed their investigation. The investigation that Spraggins's claims had merit and recommended that the City of Millbrook terminate Sgt. Speigner's employment. Contrary to the recommendation, Speigner's employment was not terminated and has continued his employment as a police officer and supervisory employee for the City of Millbrook.

39.   On September 11, 2009, Spraggins was called to the MPD Headquarters by Lt. Fields. Fields advised Spraggins that she needed to go the Mayor Kelly's office to meet with him and Chief Johnson. When Spraggins arrived at the Mayor's office, she was informed by the Mayor that she was being fired for committing an act of fraud, that she failed to use the in-car video system, because other officers did not like working with her, and because he had received citizen complaints about her.

40.   Despite Spraggins's request, Kelly refused to disclose the identities of the citizens who complained. Furthermore, Spraggins advised Kelly that she had repeatedly complained that the in-car video unit was broken and that she submitted several pending work orders requesting that the unit be repaired. Kelly also refused to identify the officers who did not want to work with her. And, in fact, as a result of her most recent performance evaluation in June, 2009, Spraggins received the maximum two-step pay increase, as she did each time her performance was evaluated.

41. With respect to the alleged fraud, Kelly advised Spraggins that she had committed fraud relating to a reported injury she suffered in April 13, 2009 (five months earlier). On that day, Spraggins was filling her patrol vehicle with gasoline at the City pumping station. During the process, the retractable cord pulled the gasoline nozzle out of the tank, spraying officer Spraggins from head to toe and temporarily blinding her. As a result of her injuries, Spraggins was treated by a physician. There were no complaints or questions regarding this incident until the day Spraggins was terminated. In particular, Kelly accused Spraggins of spraying herself in the face and eyes with gasoline on purpose during a horseplay incident with former Officer Ken Gray in order to benefit from a worker's compensation claim. Although Spraggins was treated for her injuries under worker's compensation, she never made any worker's compensation claim against the City or MPD and never sought damages. She also used her own sick time for recuperation. She immediately returned to work on the next scheduled work day. Furthermore, Officer Gray was in the process of driving off in his patrol car at the time of the accident. In sum, the allegations were a pretext for terminating Spraggins's employment for complaining about sexual harassment, hostile work environment, and repeated and continuing acts of retaliation. Spraggins later learned that Defendant Shauntrel Jackson, who is the Animal Control Officer for the City of Millbrook, provided a false statement claiming that Spraggins's injury resulted from horseplay. Jackson, however, admitted to Chief Johnson's former secretary, Marilyn Norris, that Jackson gave the statement after she was threatened with termination of her job for fraternization with an inmate, who also happened to be the other alleged witness to the incident, and

who allegedly came forward five (5) months after the accident to provide statements. Jackson admitted to Ms. Norris that, in fact, she did not see the accident.

42.     On or about September 24, 2009, the Millbrook City Council conducted a termination hearing wherein several police provided false testimony in furtherance of Defendants' efforts to terminate Spraggins in retaliation for engaging in the protected activity of pursuing her complaint regarding sexual harassment, hostile environment and retaliation. Those officers include Defendants David Till, Mark Ritter and John Eckert. Spraggins was not permitted to present witnesses on her behalf, nor was her counsel permitted to cross-examine the witnesses presented by the City of Millbrook and the Millbrook Police Department. The City Council upheld the termination.

43.     Since her termination, Spraggins unsuccessfully sought employment with other law enforcement agencies due to the ongoing complaint against MPD. One such agency, the City of Montgomery Police Department, specifically declined to hire Spraggins as officer.

44.     Even after her termination, the sexual harassment continued. In particular, on or about August 20, 2011, Spraggins received a text message from her former supervisor, Sgt. J.C. Little, wherein he stated, "Wanna come over and have sex. LOL." Spraggins stated, "no". He further stated, "U want an old burned out cop"? After Spraggins declined again, Little stated, "U couldn't handle me anyway. Us old men can hang to."

45.     Other acts of the pervasive and ongoing sexual harassment and atmosphere of sexual permissiveness include, but are not limited to:

- Discussions by Cpl. Henson in 2009 regarding his male reproductive parts, describing it as a red rocket;

- Lt. Don Pugh dropping his pants and underwear on repeated occasions in 2009 in front of Spraggins and other MPD employees;

- Comments by Officer Rex Green in May 2009 that Spraggins turned him on, that she was hot, he was sexually aroused by her, and that he wanted to know when she would have sex with him;

- Attempts by Lt. Ron Fields to set up a sexual liaison between Spraggins and Wes Floyd;

- Frequent discussions by Chief Johnson, Sgt. Capps and Melissa Stiles regarding Sgt. Capps piercing of his sexual organs, commonly referred to as "Prince Albert"; and

- Frequent sexual jokes and innuendo.

46.    Other acts of the pervasive and ongoing retaliation against Spraggins include, without limitation, the following:

- During June/July of 2009, refusing to send officer back-up during ongoing burglary and during a traffic stop on Grandview Road, involving a suspect with outstanding warrants;

- Repeatedly passing over Spraggins for promotion to Corporal and, instead, promoting male officers because of her complaints about retaliation and sexual harassment; and

- Chief Johnson instructing new officers not to talk to Spraggins because she was trouble and could not be trusted.

47.    On August 4, 2011, the EEOC issued a Determination for Cause, finding that Spraggins's claims of disparate treatment, sexual harassment, wrongful discharge and retaliation were founded and that the Millbrook Police Department had violated Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.  Upon receiving her Right to Sue

Letter, Spraggins will amend this lawsuit to include claims under Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., on the basis of gender discrimination and

retaliation.

**COUNT I**

**VIOLATION OF § 1983 – HOSTILE ENVIRONMENT**
**(Against the City of Millbrook & the Individual**
**Defendants in their Official Capacities)**

47.    Spraggins realleges and incorporates by reference paragraphs 1 through 46 with

the same force and effect as if fully set out in specific detail herein below.

48.    As set forth in the foregoing paragraphs, Defendants the City of Millbrook, the

Millbrook Police Department, and the Individual Defendants in their official capacities (except

Defendant Shauntrel Jackson), have maintained a working atmosphere contaminated by a pattern

of offensive conduct directed at women and, in particular, Plaintiff Spraggins.  Such conduct has

included acts of sexual harassment by a supervisor or manager (Defendant Officer Sgt.

Speigner), sexually charged discussions, language, innuendo, etc., which was severe, pervasive

and ongoing and, which, in fact, has continued even after the termination of Spraggins's

employment.  This sexually-charged atmosphere was implicitly condoned by Defendants and, in

fact, pre-existed Spraggins's employment with MPD.  Said acts were undertaken for the purpose

or effect of unreasonably interfering with work performance and/or creating an intimidating,

hostile, or offensive working environment.

49.    But for Spraggins's gender and her actions in rebuffing the romantic advances of

Sgt. Speigner, she would not have been subject to the adverse employment actions set out above,

including, without limitation, suspension, termination or her employment, denial of promotions, and retaliation.

50. Defendants knew, or should have known, of the hostile work environment and sexual discrimination and retaliation against Plaintiff Spraggins.

51. Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the sexual harassment, discrimination and/or retaliation of Plaintiff Spraggins.

52. Defendants actions violate 42 U.S.C. § 1983.

53. As a result of Defendants' actions, Plaintiff Spraggins has been harmed, and continues to suffer injury, including suffering distress, humiliation, loss of prestige, mental anguish, emotional pain and suffering, and monetary and economic losses.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to provide the following relief:

A. Issue a declaratory judgment finding that Defendants' actions created an unlawful hostile environment in violation of the Fourteenth Amendment of the Constitution and 42 U.S.C. § 1983;

B. Issue a mandatory, preliminary and permanent injunction enjoining Defendants from continuing to maintain a hostile work environment;

C. Enter a mandatory injunction requiring Defendants to implement a rigorous anti-discrimination policy and to provide meaningful training to all employees of the Millbrook Police Department regarding sexual harassment and gender-based discrimination;

D. Enter a mandatory, preliminary and permanent injunction requiring Defendants to promote Plaintiff Spraggins into the position of Corporal in the City of Millbrook Police

Department and properly compensate her according to the aforementioned position, with all back pay, front pay, allowances, status and retirement benefits to which she would have been entitled had she not been wrongfully terminated, or in the alternative, to award her front pay;

E.      Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and

F.      Grant such additional and further relief as the Court deems proper and just in the premises.

## COUNT II

### VIOLATION OF § 1983 – HOSTILE ENVIRONMENT
### (Against Individual Defendants in their Individual Capacities)

54.     Spraggins realleges and incorporates by reference paragraphs 1 through 53 with the same force and effect as if fully set out in specific detail herein below.

55.     As set forth in the foregoing paragraphs, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter and Eckert, in their individual capacities, separately and in concert with one another, maintained a hostile working environment contaminated by a pattern of offensive conduct directed at women and, in particular, Plaintiff Spraggins.  Such conduct was severe, pervasive and ongoing and which included acts of sexual harassment, sexually charged discussions, language, innuendo, etc.  In fact, acts of sexual harassment against Spraggins have continued even after the termination of Spraggins's employment.   This sexually-charged atmosphere was implicitly condoned by Defendants' acts and/or omissions, including their failure to take prompt and remedial action to address Plaintiff's complaints.  Furthermore, upon information and belief, the hostile work environment pre-existed Spraggins's employment with MPD and the City of Millbrook.  Said acts were undertaken by Defendants for the purpose or

effect of unreasonably interfering with work performance or creating an intimidating, hostile, or offensive working environment.

56.     But for Spraggins's gender (and her actions in rebuffing the romantic advances of Sgt. Speigner and others), she would not have been subject to the adverse employment actions set out above, including, without limitation, suspension, termination or her employment, denial of promotion opportunities, and retaliation.

57.     Defendants knew, or should have known, of the hostile work environment, ongoing sexual discrimination and retaliation against Plaintiff Spraggins.

58.     Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the sexual harassment, hostile environment, discrimination and/or retaliation of Plaintiff Spraggins.

59.     Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff Spraggins has a right to be free from sexual harassment, gender discrimination and retaliation in her employment with Defendant City of Millbrook and the Millbrook Police Department.     Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter and Eckert, in their individual capacities, under the color of state law, in violation of 42 U.S.C. §1983, purposefully deprived Plaintiff of clearly established federal statutory and constitutional rights by subjecting her to intentional and unlawful discriminatory practices based upon her sex by, among other things, maintaining a sexually hostile work environment, discriminating against her on the basis of gender *vis-à-vis* promotion opportunities, by engaging in acts of disparate treatment with respect to discipline, terminating her employment and by engaging in continuing pattern and practice of retaliatory conduct against Plaintiff, and in other terms, conditions, and privileges of Plaintiff's employment.

60.     Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter and Eckert, in their individual capacities acted outside of their jurisdiction and without authorization of law and willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of her rights as herein alleged.

61.     Upon information and believe, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter and Eckert, in their individual capacities, acted in concert with each other in these illegal employment decisions towards Plaintiff and in allowing the continued maintenance of a sexually hostile work environment in violation of 42 U.S.C. § 1983.

62.     In their actions toward Plaintiff as described above, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter and Eckert, in their individual capacities, acted willfully, intentionally and with callous and reckless indifference to Plaintiff's rights under the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

63.     As a result of Defendants' actions, Plaintiff Spraggins has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

64.     Defendants' actions against Plaintiff constitute a denial of equal protection under the Constitution of the United States and 42 U.S.C. § 1983.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Spraggins requests that this Honorable Court enter an order finding against the Defendants in their individual capacities and awarding Plaintiff Spraggins compensatory and punitive damages, including damages for emotional distress, all of which are to be determined by the trier of fact, including attorneys'

fees, expenses, costs, back pay (plus interest), and any further injunctive or declaratory relief that may make Plaintiff whole.

## COUNT III

### VIOLATION OF § 1983 – WRONGFUL TERMINATION
### (Against THE City of Millbrook, the Individual
### Defendants in their Official Capacities)

65.     Spraggins realleges and incorporates by reference paragraphs 1 through 64 with the same force and effect as if fully set out in specific detail herein below.

66.     As set forth in the foregoing paragraphs, Defendant the City of Millbrook and the individual Defendants in their official capacities, conspired together and wrongfully terminated Plaintiff Spraggins's employment with the City of Millbrook Police Department based on her sex and/or in retaliation for engaging in the protected activity of complaining about gender discrimination, a hostile work environment, and ongoing and repeated acts of retaliation.

67.     Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff Spraggins has a right to be free from termination of her employment on account of her gender and/or retaliation for engaging in the protected activity of complaining about gender discrimination, a hostile work environment, and ongoing and repeated acts of retaliation.

68.     As a result of Defendants' actions, Plaintiff Spraggins has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

69.     Defendants' actions against Plaintiff constitute a denial of equal protection under the Constitution of the United States, the Constitution of Alabama, 1901, and 42 U.S.C. § 1983.

70.     As a result of Defendants' actions, Plaintiff Spraggins has been harmed, and continues to suffer injury, including suffering distress, humiliation, loss of prestige, mental anguish, emotional pain and suffering, and monetary and economic losses.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to provide the following relief:

A.      Issue a declaratory judgment finding that Defendants' actions terminating Plaintiff Spraggins's employment constitute a violation of the Fourteenth Amendment of the Constitution and 42 U.S.C. § 1983;

B.      Enter a mandatory, preliminary and permanent injunction requiring Defendants to implement a rigorous anti-discrimination policy and to provide meaningful training to all employees of the Millbrook Police Department regarding sexual harassment and gender-based discrimination;

C.      Enter a mandatory, preliminary and permanent injunction requiring Defendants to reinstate Plaintiff Spraggins and promote her to the position of Corporal in the City of Millbrook Police Department and to properly compensate her according to the aforementioned position, with all back pay, front pay, allowances, status and retirement benefits to which she would have been entitled had she not been wrongfully terminated, or in the alternative, to award her front pay;

D.      Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and

E.     Grant such additional and further relief as the Court deems proper and just in the premises.

## COUNT IV

### VIOLATION OF § 1983 – WRONGFUL TERMINATION
### (Against Individual Defendants in their individual capacities)

71.     Spraggins realleges and incorporates by reference paragraphs 1 through 70 with the same force and effect as if fully set out in specific detail herein below.

72.     As set out in the foregoing paragraphs, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, separately and in concert with one another, engaged in wrongful acts that resulted in the termination of Plaintiff Spraggins's employment. Said acts were undertaken in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

73.     Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff Spraggins has a right to be free from sexual discrimination and retaliation in her employment with Defendant City of Millbrook and the Millbrook Police Department. Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, under the color of state law, in violation of 42 U.S.C. §1983, purposefully deprived Plaintiff of clearly established federal statutory and constitutional rights by subjecting her to intentional and unlawful discriminatory practices based upon her sex by terminating her employment on the basis of sex and/or in retaliation for engaging in the protected activity of complaining about gender discrimination, a hostile work environment, and ongoing and repeated acts of retaliation.

74.     Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, acted outside of their jurisdiction and without

authorization of law and willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of her rights as herein alleged in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

75.     In their actions toward Plaintiff as described above, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Johnson, in their individual capacities, acted willfully, intentionally and with callous and reckless indifference to Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

76.     As a result of Defendants' actions, Plaintiff Spraggins has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

77.     Defendants' actions against Plaintiff constitute a denial of equal protection under the Constitution of the United States and 42 U.S.C. § 1983.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Spraggins requests that this Honorable Court enter an order finding against the Defendants in their individual capacities and awarding Plaintiff Spraggins compensatory and punitive damages, including damages for emotional distress, all of which are to be determined by the trier of fact, including attorneys' fees, expenses, costs, back pay (plus interest), and any further injunctive or declaratory relief that may make Plaintiff whole.

## COUNT V

### VIOLATION OF § 1983 – RETALIATION
### (Against the City of Millbrook & the Individual
### Defendants in their Official Capacities)

78.     Spraggins realleges and incorporates by reference paragraphs 1 through 77 with the same force and effect as if fully set out in specific detail herein below.

79.     In taking the above-described actions, Defendants City of Millbrook and the individual Defendants in their official capacities, intentionally and wrongfully retaliated against Plaintiff Spraggins for her complaint of discrimination, or otherwise for her participation in protected activity in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.   Such retaliation was taken with malice or reckless indifference to the federally protected rights of Plaintiff.

80.     As a result of this retaliation, Plaintiff Spraggins has suffered, and will continue to suffer, damages, in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to provide the following relief:

A.     Issue a declaratory judgment finding that said Defendants' actions against Spraggins, including reprimands, warnings, removal of privileges, suspensions and termination of her employment constitute retaliation in violation Spraggins's rights secured by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983;

B.      Issue a declaratory judgment finding the employment practices of Defendants as set out in this Complaint are unconstitutional;

C.      Enter a mandatory, preliminary and permanent injunction requiring Defendants to implement a rigorous anti-discrimination policy and to provide meaningful training to all employees of the Millbrook Police Department regarding sexual harassment, gender-based discrimination and retaliation;

D.      Enter a mandatory, preliminary and permanent injunction requiring Defendants to reinstate Plaintiff Spraggins and promote her to the position of Corporal in the City of Millbrook Police Department and to properly compensate her according to the aforementioned position, with all back pay, front pay, allowances, status and retirement benefits to which she would have been entitled had she not been wrongfully terminated, or in the alternative, to award her front pay;

E.      Enter a mandatory, preliminary and permanent injunction that would enjoin the Defendants and their successors in office, their agents, their servants and employees from engaging in acts of retaliation against Plaintiff and discriminating against her on the basis of gender *vis-à-vis* disciplinary actions and other terms, conditions and privileges of employment;

F.      Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and

G.      Grant such additional and further relief as the Court deems proper and just in the premises.

## COUNT VI

### VIOLATION OF § 1983 – RETALIATION
### (Against Individual Defendants in their individual capacities)

81.     Spraggins realleges and incorporates by reference paragraphs 1 through 80 with the same force and effect as if fully set out in specific detail herein below.

82.     In taking the above-described actions, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, separately and in concert with one another, intentionally and wrongfully retaliated against Plaintiff Spraggins for her complaint of discrimination, or otherwise for her participation in protected activity in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.   Such retaliation was taken with malice or reckless indifference to the federally protected rights of Plaintiff.

83.     Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff Spraggins has a right to be free from sexual discrimination and retaliation in her employment with Defendant City of Millbrook and the Millbrook Police Department.  Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, under the color of state law, in violation of 42 U.S.C. §1983, purposefully deprived Plaintiff of clearly established federal statutory and constitutional rights by subjecting her to intentional and unlawful discriminatory and retaliatory practices based upon her sex by terminating her employment on the basis of sex and/or in retaliation for engaging in the protected activity of complaining about gender discrimination, a hostile work environment, and ongoing and repeated acts of retaliation.

84.     Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, acted outside of their jurisdiction and without

authorization of law and willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of her rights as herein alleged in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

85.    In their actions toward Plaintiff as described above, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Johnson, in their individual capacities, acted willfully, intentionally and with callous and reckless indifference to Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

86.    As a result of this retaliation, Plaintiff Spraggins has suffered, and will continue to suffer, damages, in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Spraggins requests that this Honorable Court enter an order finding against the Defendants in their individual capacities and awarding Plaintiff Spraggins compensatory and punitive damages, including damages for emotional distress, all of which are to be determined by the trier of fact, including attorneys' fees, expenses, costs, back pay (plus interest), and any further injunctive or declaratory relief that may make Plaintiff whole.

## COUNT VII

### VIOLATION OF § 1983 – RETALIATORY TERMINATION
### (Against the City of Millbrook & the Individual
### Defendants in their Official Capacities)

87.    Spraggins realleges and incorporates by reference paragraphs 1 through 86 with the same force and effect as if fully set out in specific detail herein below.

88.    In taking the above-described actions, Defendants City of Millbrook and the individual Defendants in their official capacities, intentionally and wrongfully retaliated against Plaintiff Spraggins by terminating her employment for her complaint of discrimination, or otherwise for her participation in protected activity in violation of the Fourteenth Amendment and § 1983.  Such retaliation was taken with malice or reckless indifference to the federally protected rights of Plaintiff.

89.    As a result of this retaliation, Plaintiff Spraggins has suffered, and will continue to suffer, damages, in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to provide the following relief:

A.    Issue a declaratory judgment finding that said Defendants' termination of Plaintiff Spraggins's employment constitutes an act of retaliation in violation Spraggins's rights secured by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983;

B.    Issue a declaratory judgment finding the employment practices of Defendants as set out in this Complaint are unconstitutional;

C.    Enter a mandatory, preliminary and permanent injunction requiring Defendants to implement a rigorous anti-discrimination policy and to provide meaningful training to all employees of the Millbrook Police Department regarding sexual harassment, gender-based discrimination and retaliation;

D.      Enter a mandatory, preliminary and permanent injunction requiring Defendants to reinstate Plaintiff Spraggins and promote her to the position of Corporal in the City of Millbrook Police Department and to properly compensate her according to the aforementioned position, with all back pay, front pay, allowances, status and retirement benefits to which she would have been entitled had she not been wrongfully terminated, or in the alternative, to award her front pay;

E.      Enter a mandatory, preliminary and permanent injunction that would enjoin the Defendants and their successors in office, their agents, their servants and employees from engaging in acts of retaliation against Plaintiff and discriminating against her on the basis of gender *vis-à-vis* disciplinary actions and other terms, conditions and privileges of employment;

F.      Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and

G.      Grant such additional and further relief as the Court deems proper and just in the premises.

### COUNT VIII

### VIOLATION OF § 1983 – RETALIATORY TERMINATION
### (Against Individual Defendants in their individual capacities)

90.     Spraggins realleges and incorporates by reference paragraphs 1 through 89 with the same force and effect as if fully set out in specific detail herein below.

91.     In taking the above-described actions, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, separately and in concert with one another, intentionally and wrongfully retaliated against Plaintiff Spraggins by terminating her employment, or by engaging in acts that caused or contributed to the termination of her employment for her complaint of discrimination, or

otherwise for her participation in protected activity in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. Such retaliation was taken with malice or reckless indifference to the federally protected rights of Plaintiff.

92. Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff Spraggins has a right to be free from sexual discrimination and retaliation in her employment with Defendant City of Millbrook and the Millbrook Police Department. Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, under the color of state law, in violation of 42 U.S.C. §1983, purposefully deprived Plaintiff of clearly established federal statutory and constitutional rights by subjecting her to intentional and unlawful discriminatory and retaliatory practices based upon her sex by terminating her employment on the basis of sex and/or in retaliation for engaging in the protected activity of complaining about gender discrimination, a hostile work environment, and ongoing and repeated acts of retaliation.

93. Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, acted outside of their jurisdiction and without authorization of law and willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of her rights as herein alleged in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

94. In their actions toward Plaintiff as described above, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Johnson, in their individual capacities, acted willfully, intentionally and with callous and reckless indifference to Plaintiff's rights under the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

95.     As a result of this retaliation, Plaintiff Spraggins has suffered, and will continue to suffer, damages, in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Spraggins requests that this Honorable Court enter an order finding against the Defendants in their individual capacities and awarding Plaintiff Spraggins compensatory and punitive damages, including damages for emotional distress, all of which are to be determined by the trier of fact, including attorneys' fees, expenses, costs, back pay (plus interest), and any further injunctive or declaratory relief that may make Plaintiff whole.

<u>**COUNT IX**</u>

**VIOLATION OF § 1983 – DISPARATE TREATMENT (GENDER)**
**(Against the City of Millbrook & the Individual**
**Defendants in their Official Capacities)**

96.     Spraggins realleges and incorporates by reference paragraphs 1 through 95 with the same force and effect as if fully set out in specific detail herein below.

97.     As set forth in the foregoing paragraphs, Defendant City of Millbrook and the individual Defendants in their official capacities, have discriminated against Plaintiff Spraggins on the basis of gender in discipline and other terms and conditions of employment in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. In particular, Defendants imposed harsher disciplinary actions against Plaintiff Spraggins (including suspension without pay and termination of her employment) than similarly situated male police officers who committed the

same alleged infractions, but who either received no disciplinary action or were treated more favorably than her.

98.     As a result of this gender based discrimination in discipline and other terms and conditions of Plaintiff Spraggins's employment, she has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to provide the following relief:

A.     Issue a declaratory judgment finding that said Defendants' disciplinary actions taken against Plaintiff Spraggins constitute unlawful discrimination based on her gender in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983;

B.     Issue a declaratory judgment finding the employment practices of Defendants as set out in this Complaint are unconstitutional;

C.     Enter a mandatory, preliminary and permanent injunction requiring Defendants to implement a rigorous anti-discrimination policy and to provide meaningful training to all employees of the Millbrook Police Department regarding sexual harassment, gender-based discrimination and retaliation;

D.     Enter a mandatory, preliminary and permanent injunction requiring Defendants to remove all records of discriminatory disciplinary actions from Plaintiffs' personnel file; reinstate Plaintiff and promote her to the position of corporal in the City of Millbrook Police Department; and properly compensate Plaintiff according to the aforementioned position, with all back pay,

front pay, allowances, status and retirement benefits to which she would have been entitled had she not been wrongfully disciplined (and terminated) or, in lieu of reinstatement, award Plaintiff front pay;

E.    Enter a mandatory, preliminary and permanent injunction that would enjoin the Defendants and their successors in office, their agents, their servants and employees from engaging in acts of gender-based disparate treatment against Plaintiff with respect to disciplinary actions and other terms, conditions and privileges of employment;

F.    Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and

G.    Grant such additional and further relief as the Court deems proper and just in the premises.

## COUNT X

### VIOLATION OF § 1983 – DISPARATE TREATMENT (GENDER)
### (Against Individual Defendants in their individual capacities)

99.    Spraggins realleges and incorporates by reference paragraphs 1 through 98 with the same force and effect as if fully set out in specific detail herein below.

100.    As set forth in the foregoing paragraphs, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, separately and in concert with one another, intentionally and wrongfully discriminated against Plaintiff on the basis of gender in discipline and other terms and conditions of employment in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.   In particular, Defendants imposed harsher disciplinary actions against Plaintiff Spraggins (including suspension without pay and termination of her employment) than similarly situated male police officers who

committed the same alleged infractions, but who either received no disciplinary action or were treated more favorably than her.

101.     Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff Spraggins has a right to be free from sexual discrimination with respect to discipline and other terms and conditions of her employment with Defendant City of Millbrook and the Millbrook Police Department. Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, under the color of state law, in violation of 42 U.S.C. § 1983, purposefully deprived Plaintiff of clearly established federal statutory and constitutional rights by subjecting her to intentional and unlawful discriminatory and practices concerning disciplinary actions based upon her sex. In particular, Defendants imposed harsher disciplinary actions against Plaintiff Spraggins (including suspension without pay and termination of her employment) than similarly situated male police officers who committed the same alleged infractions, but who either received no disciplinary action or were treated more favorably than her.

102.     Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Jackson, in their individual capacities, acted outside of their jurisdiction and without authorization of law and willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of her rights as herein alleged in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

103.     In their actions toward Plaintiff as described above, Defendants Johnson, Kelly, Speigner, Fields, Capps, Montgomery, Till, Ritter, Eckert and Johnson, in their individual capacities, acted willfully, intentionally and with callous and reckless indifference to Plaintiff's rights under the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

104.    As a result of these intentional acts of discrimination, Plaintiff Spraggins has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Spraggins requests that this Honorable Court enter an order finding against the Defendants in their individual capacities and awarding Plaintiff Spraggins compensatory and punitive damages, including damages for emotional distress, all of which are to be determined by the trier of fact, including attorneys' fees, expenses, costs, back pay (plus interest), and any further injunctive or declaratory relief that may make Plaintiff whole.

## COUNT XI

### VIOLATION OF § 1983 – FAILURE TO PROMOTE

### (Against the City of Millbrook & the Individual Defendants in their Official Capacities)

105.    Spraggins realleges and incorporates by reference paragraphs 1 through 104 with the same force and effect as if fully set out in specific detail herein below.

106.    As set forth in the foregoing paragraphs, Defendant City of Millbrook and Defendants Johnson and Kelly in their official capacities, intentionally discriminated against Plaintiff Spraggins on the basis of gender by failing to promote her to the rank of corporal after she was repeatedly promised that she would be promoted to the next available corporal slot and, instead, promoted less qualified male officers Matt Sekinger and Keith Plaissance, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

107.   Plaintiff Spraggins was qualified for the promotion/advance but was denied such request while males with less qualifications and experience were promoted to the position of corporal.

108.   As a result of Defendants' intentional discrimination, Plaintiff Spraggins has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to provide the following relief:

A.   Issue a declaratory judgment finding that said Defendants' failure to promote Plaintiff Spraggins to the rank of corporal constitutes unlawful discrimination based on her gender in violation Spraggins's rights secured by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983;

B.   Issue a declaratory judgment finding the employment practices of Defendants as set out in this Complaint are unconstitutional;

C.   Enter a mandatory, preliminary and permanent injunction requiring Defendants to implement a rigorous anti-discrimination policy and to provide meaningful training to all employees of the Millbrook Police Department regarding sexual harassment, gender-based discrimination and retaliation;

D.   Enter a mandatory, preliminary and permanent injunction requiring Defendants to reinstate Plaintiff and promote her to the position of corporal in the City of Millbrook Police Department, and properly compensate Plaintiff according to the aforementioned position, with

all back pay, front pay, allowances, status and retirement benefits to which she would have been entitled had she not been wrongfully disciplined (and terminated), or in the alternative, to award her front pay;

E.    Enter a mandatory, preliminary and permanent injunction that would enjoin the Defendants and their successors in office, their agents, their servants and employees from engaging in acts of gender-based disparate treatment against Plaintiff with respect to promotions and advancement;

F.    Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and

G.    Grant such additional and further relief as the Court deems proper and just in the premises.

## COUNT XII

### VIOLATION OF § 1983 – FAILURE TO PROMOTE
### (Against Chief Patrick Johnson, in his individual capacity)

109.   Spraggins realleges and incorporates by reference paragraphs 1 through 108 with the same force and effect as if fully set out in specific detail herein below.

110.   As set forth in the foregoing paragraphs, Defendants Kelly and Johnson, in their individual capacities, intentionally discriminated against Plaintiff Spraggins on the basis of gender by failing to promote her to the rank of corporal after she was repeatedly promised that she would be promoted to the next available corporal slot and, instead, promoted less qualified male officers Matt Sekinger and Keith Plaissance, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

111.   Plaintiff Spraggins was qualified for the promotion/advance but was denied such request while males with less qualification and experience were promoted to the position of corporal.

112.   Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Plaintiff Spraggins has a right to be free from sexual discrimination with respect to promotion and advancement opportunities and other terms and conditions of her employment with Defendant City of Millbrook and the Millbrook Police Department. Defendants Johnson and Kelly, in their individual capacities, under the color of state law, in violation of 42 U.S.C. § 1983, purposefully deprived Plaintiff of clearly established federal statutory and constitutional rights by subjecting her to intentional and unlawful discriminatory and practices in denying her promotion to the rank of Corporal based upon her sex.

113.   Defendants Johnson and Kelly, in their individual capacities, acted outside of their jurisdiction and without authorization of law and willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of her rights as herein alleged in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

114.   In their actions toward Plaintiff as described above, Defendants Johnson and Kelly, in their individual capacities, acted willfully, intentionally and with callous and reckless indifference to Plaintiff's rights under the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

115.   As a result of this retaliation, Plaintiff Spraggins has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation,

has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Spraggins requests that this Honorable Court enter an order finding against the Defendants in their individual capacities and awarding Plaintiff Spraggins compensatory and punitive damages, including damages for emotional distress, all of which are to be determined by the trier of fact, including attorneys' fees, expenses, costs, back pay (plus interest), and any further injunctive or declaratory relief that may make Plaintiff whole.

<u>**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY STRUCK JURY**</u>

CHRISTOPHER W. WELLER, (WEL030)
TERRIE S. BIGGS (BIG006)
ATTORNEYS FOR KRISTEN SPRAGGINS

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 241-8282

## PLEASE SERVE DEFENDANTS BY CERTIFIED
## MAIL RETURN RECEIPT REQUESTED:

Al Kelley, Mayor
City of Millbrook
3390 Main Street
Millbrook, AL  36054

City of Millbrook, AL
3390 Main Street
Millbrook, AL  36054

David Till
City of Millbrook
Police Department
3841 Grandview Road
Millbrook, AL  36054-3417

Joseph Capps
445 Deatsville Highway, Apt. 305
Millbrook, AL  36054

John Eckert
City of Millbrook
Police Department
3841 Grandview Road
Millbrook, AL  36054-3417

Johnny Montgomery
City of Millbrook
Police Department
3841 Grandview Road
Millbrook, AL  36054-3417

Mark Ritter
City of Millbrook
Police Department
3841 Grandview Road
Millbrook, AL  36054-3417

Mike Speigner
City of Millbrook
Police Department
3841 Grandview Road
Millbrook, AL  36054-3417

Patrick Johnson
Chief of Police
City of Millbrook
Police Department
3841 Grandview Road
Millbrook, AL  36054-3417

Ron Fields
City of Millbrook
Police Department
3841 Grandview Road
Millbrook, AL  36054-3417

Shauntrel Jackson
City of Millbrook
Police Department
3841 Grandview Road
Millbrook, AL  36054-3417